O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIRECTV, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, | ) ) ) | Case No. 17-06110 DDP (PLAx) |
| Plaintiff, | ) ) ) | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | ) ) | [Dkt. 5] |
| E&E ENTERPRISES GLOBAL, INC., | ) ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff DIRECTV's application for a temporary restraining order ("TRO"). After reviewing and considering the materials submitted by Plaintiff, the court GRANTS the application.

**I. BACKGROUND**

On August 17, 2017, Plaintiff filed a complaint alleging four causes of action, including breach of written contract, conversion, tortious interference with prospective economic relations, and unfair competition, against Defendant E&E Enterprises Global, Inc. ("E&E") in connection with E&E's agreement to promote and sell DIRECTV

programming and services, to collect the charges for DIRECTV programing and services, and to remit those charges to DIRECTV. Also on August 17, 2017, Plaintiff filed an application for a Temporary Restraining Order ("TRO"), seeking an order that E&E hand over all contractually-required customer contact information and immediately notify all accounts previously serviced by E&E that E&E is no longer a DIRECTV dealer or billing agent.

## II. LEGAL STANDARD

The Supreme Court set forth the standard for assessing a motion for preliminary injunction in *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008). "Under *Winter*, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

## III. DISCUSSION

Having reviewed Plaintiff's pleadings and without the benefit of an opposition from Defendant, the court concludes that Plaintiff has made a showing of likelihood of success on the merits and that the balance of hardships weighs in favor of issuing the TRO.

Plaintiff asserts that Defendant E&E entered into several written agreements to promote and sell DIRECTV programming and services as a commissioned sales representative for DIRECTV, and to provide billing and collection services for DIRECTV programming and services. These written agreements provide *inter alia* that, upon termination of the agreements between DIRECTV and E&E, E&E is to (1) direct all customer inquiries regarding DIRECTV programming and services to DIRECTV, and (2) within 10 days of any request by DIRECTV, to send written notices to DIRECTV customers informing them of the transfer of billing from E&E to DIRECTV (Decl. McCree, Ex. B). The agreements further provide that, upon termination, DIRECTV will

process all future billing and collection activities, and that E&E and DIRECTV will work together to transition billing and collection activities. (Decl. McCree, Ex. C). Plaintiff maintains that E&E has not performed any of these actions, despite the termination of the agreements.

Plaintiff has therefore shown a likelihood of success on the merits of its contract claims. Moreover, E&E has alleged loss of goodwill arising from the premature termination of customer accounts, and the risk that money damages will be inadequate because E&E is at significant risk of insolvency. Therefore, the absence of a TRO would likely cause Plaintiff immediate, irreparable harm. Moreover, it does not appear that Defendant will suffer any great injury should a TRO issue that directs it to comply with its contractual obligations. Further, the court concludes that a TRO would benefit the public interest in maintaining the integrity of contractual agreements.

Therefore, at this time, the court is persuaded that a TRO should issue. The court will consider Defendants' arguments at the upcoming hearing for a preliminary injunction. Accordingly, it is hereby ordered that Defendant (1) deliver immediately to DIRECTV all contractually-required customer contact information, to allow DIRECTV to complete the billing transition away from E&E; (2) notify immediately all accounts previously serviced by E&E that E&E is no longer a DIRECTV dealer or billing agent, and that those customers need to transition their accounts to DIRECTV directly or a new DIRECTV dealer.

//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's application for a TRO. In addition, a Preliminary Injunction Hearing is set for **Friday, September 1, 2017 at 1:00 p.m.**, unless the parties agree on another date and so advise the court.

**IT IS SO ORDERED.**

Dated: August 22, 2017

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE